UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER M. DICKENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 06-CV-0065-CVE-FHM |
| | ) |
| ERIC FRANKLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a proceeding on Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1). Petitioner is in custody of the Oklahoma Department of Corrections and appears in this matter *pro se*. Respondent filed a response to the petition (Dkt. # 11), and provided the state court records necessary for resolution of Petitioner's claims (Dkt. # 12). Petitioner filed a reply (Dkt. # 17). For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

Pursuant to 28 U.S.C. § 2254(e)(1), the historical facts found by the state court are presumed correct. Accordingly, the Court adopts the following synopsis from the Oklahoma Court of Criminal Appeals ("OCCA") in that court's direct appeal opinion:

> On the evening of September 25, 2002, Appellant and two others robbed a McDonald's restaurant in Tulsa, Oklahoma. One accomplice, Charles Turner, used a firearm during the robbery. The police were alerted as the robbery was in progress. An officer arrived and waited for the robbers to exit.
>
> Turner and Appellant left the store and ran to an open field. One of the officers released his K-9 and ordered the two to stop, but they continued to run. As the K-9 closed in on the pair, Turner fired shots from his weapon. Officers returned fire, striking and killing Turner. As the shooting began, Appellant dropped to the ground, and he was apprehended after the shooting.

Dickens v. State, 106 P.3d 599, 600 (Okla. Crim. App. 2005). As a result of these events, Petitioner was charged with Robbery with a Firearm (Count I), and First Degree (felony) Murder (Count II) in Tulsa County District Court Case No. CF-2002-4981. Petitioner testified in his own defense at trial, admitting his involvement in the robbery but denying any responsibility for the death of Turner. A jury convicted Petitioner on both counts, and recommended fifteen (15) years imprisonment on Count I and life imprisonment on Count II. At sentencing, the trial judge dismissed Count I and sentenced Petitioner to life imprisonment on Count II.

Petitioner appealed his conviction and sentence to the OCCA, raising the following propositions of error:

> Proposition 1: Since Appellant had surrendered prior to the shooting death of his accomplice, there was insufficient evidence with which to convict Appellant of First Degree Murder.
>
> Proposition 2: Prosecuting Appellant for first Degree Murder serves no legitimate government interest, 21 O.S. 2001 § 701.7(B) should be interpreted to exclude the lawful death of an accomplice at the hands of a third party as factual support for the felony-murder prosecution of a co-defendant.
>
> Proposition 3: It is a violation of the Eighth and Fourteenth Amendments to the United States Constitution to hold Appellant strictly liable for First Degree Murder.
>
> Proposition 4: The jury instruction presented to the jury which defined the elements of First Degree Felony Murder do[es] not accurately state Oklahoma law, requiring the reversal of Appellant's conviction.
>
> Proposition 5: It was reversible error for the trial court to deny Appellant's requested instructions.
>
> Proposition 6: The prosecutor's improper use of hypotheticals during *voir dire* served to deprive Appellant of his Constitutional right to an impartial jury and due process of law.

See Dkt. # 11, Ex. 1. In a published opinion, filed February 4, 2005, in Case No. F-2003-544, the OCCA affirmed Petitioner's conviction. Dickens, 106 P.3d at 601. Nothing in the record suggests

Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court. He did not pursue post-conviction relief in the Oklahoma courts.

On January 31, 2006, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), seeking relief based on the same issues raised on direct appeal. In response to the petition, Respondent asserts that Petitioner's claims do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 11.

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case because Petitioner's claims were raised on direct appeal.  In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA on direct appeal**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S.

362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, all of Petitioner's grounds were presented in state direct appeal proceedings where they were adjudicated on the merits by the OCCA. Therefore, the § 2254(d) standard applies to this Court's analysis of those claims.

### 1. Insufficient evidence (ground 1)

In his first ground, Petitioner argues that there was insufficient evidence to support a guilty verdict for first degree felony murder because he had surrendered before the police fatally shot his accomplice. The OCCA rejected the claim, finding as follows:

> This proposition challenges whether under the facts, Appellant was still sufficiently involved in the armed robbery at the time of the death to be punishable under the language of the statute. He was escaping, and escape is part of the robbery. That he fell to the ground when the shooting started does not constitute withdrawal. *Clark v. State*, 1977 OK CR 4, 558 P.2d 674; *Spuehler v. State*, 1985 OK CR 132, 709 P.2d 202.

Dickens, 106 P.3d at 600. Because the OCCA adjudicated this claim on the merits, Petitioner is entitled to federal habeas relief only if he can establish that the OCCA's decision was contrary to or involved an unreasonable application of Supreme Court law, or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254 (d)(1)(2).

The appropriate standard of review for sufficiency of evidence claims is "whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

4

have found the [petitioner guilty] beyond a reasonable doubt.'" Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Id. The Tenth Circuit has not yet decided whether sufficiency of evidence claims brought under AEDPA should be treated as issues of fact or law. Moore v. Gibson, 195 F.3d 1152, 1176-77 (10th Cir. 1999); see also Dockins, 374 F.3d at 939; Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). If treated as a legal question, this Court must determine whether the OCCA's rejection of the claim was contrary to or an unreasonable application of Jackson. If treated as a factual question, the Court must ask whether the OCCA's ruling represents an unreasonable determination of the facts. However, Petitioner's sufficiency of the evidence claim lacks merit under either analysis.

Petitioner argues that, because the shooting death of Turner occurred after Petitioner had surrendered, he was no longer involved in the commission of the robbery. Thus, he could not be convicted of felony murder. Petitioner does not challenge the underlying facts and testimony relating to his involvement in the armed robbery and his attempts to flee the scene of the robbery. See Tr. Trans. Vol. II at 428. Further, Petitioner admitted in his trial testimony that, while attempting to flee the scene, he did not respond to the police officers' instructions to stop, until he heard gunshots. Id. at 430. Accordingly, the OCCA's rejection of the ground one claim clearly does not present an unreasonable determination of the facts.

When applying the Supreme Court's sufficiency standard established in Jackson, the Court looks to Oklahoma law to determine the substantive elements of the crime of first degree felony murder. Spears v. Mullin, 343 F.3d 1215, 1238 (10th Cir. 2003); Wingfield v. Massie, 122 F.3d

5

1329, 1332 (10th Cir. 1997). In this case, the Court has reviewed both Oklahoma case law and statutory law. Petitioner's first degree felony murder conviction was based upon a violation of Okla. Stat. tit. 21, § 701.7(B) (2001), which reads in pertinent part:

> A person commits the crime of murder in the first degree, regardless of malice, when that person or any other person takes the life of a human being during, or if the death of a human being results from, the commission or attempted commission of . . . robbery with a dangerous weapon. . . .

As to the felony murder charge, Petitioner's jury was instructed as follows:

> No person may be convicted of murder in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: First, the death of a human; Second, the death occurred as a result of an act or event which happened in the commission of robbery with a dangerous weapon; Third, the defendant was in the commission of a robbery with a dangerous weapon from which the death resulted; Fourth, the elements of the robbery with a dangerous weapon the defendant is alleged to have been in the commission of are as follows: First, wrongful; Second, taking; Third, carrying away; Fourth, personal property; Fifth, of another; Sixth, from the person or the immediate presence of another; Seventh, by force or fear; Eighth, through use of a loaded/unloaded firearm.

See O.R. at 249, Instruction No. 20. Petitioner challenges the application of Oklahoma's felony murder law to the facts of his case. Citing Clark v. State, 558 P.2d 674 (Okla. Crim. App. 1977),[1] the OCCA ruled that Petitioner's flight from the scene and dropping to the ground did not constitute withdrawal from the events of the crime. Dickens, 106 P.3d at 600. The OCCA did not agree with Petitioner that his "surrender" by lying on the ground ended his involvement in the ongoing crime.

---

[1] In the Clark case, the defendants had robbed a bank and taken hostages during their escape. The hostages were driven to an abandoned garage and shot, resulting in the death of one of the hostages. Similar to Petitioner's position that his involvement in the McDonald's robbery ended before Turner was killed, the Clark defendants argued that they could not be guilty of felony murder because the armed robbery was completed before the homicide. See Clark, 558 P.2d at 676. The OCCA found that the homicide had been committed during the felony because the crimes were one, continuous transaction, closely connected in terms of time, place and causal relation, and were incidental to each other. Id. at 678.

In accordance with Oklahoma law, Petitioner's jury was instructed regarding the meaning of "commission of the robbery" as follows:

> A person is in the commission of robbery with a dangerous weapon when he is performing an act which is necessary in order to complete the course of conduct constituting or fleeing from the immediate scene of a robbery with a dangerous weapon.

See O.R. at 250, Instruction 21. There is no question Petitioner was involved in a robbery with a dangerous weapon. Likewise, there is no question that he fled from the immediate scene of the robbery. However, under Oklahoma law, Petitioner's escape attempt was a continuation of the commission of the robbery and did not end simply because he dropped to the ground when he heard gunshots. After applying the evidence produced at Petitioner's trial to the elements of felony murder as defined by the Oklahoma legislature and courts, this Court concludes that there was constitutionally sufficient evidence from which a rational jury could have found Petitioner guilty of first degree felony murder in the death of his accomplice, Charles Turner. Jackson, 443 U.S. at 319.

This Court finds the adjudication of Petitioner's ground one claim by the OCCA was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Further, the adjudication of this claim did not involve an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(2). Petitioner is not entitled to relief on this claim.

**2.     Justifiable homicide cannot be murder (ground 2)**

In his second ground for relief, Petitioner argues that his felony-murder conviction for the death of Charles Turner serves no legitimate government purpose. He contends that since the killing of Turner by a police officer was determined to be a justifiable homicide, there was no murder.

7

Petitioner's view is shared by the dissenting judge in Petitioner's direct appeal. Dickens, 106 P.3d at 601 (Chapel, J. dissenting) (opining that the felony-murder statute does not create liability for murder where a third person commits a lawful act resulting in death). The majority, however, found that the "clear, unambiguous language" of Oklahoma's felony murder statute subjects Petitioner to prosecution and conviction because it provides that first degree murder occurs "when that person or any other person takes the life of a human being" in the commission of enumerated felonies. Id. (citing Okla. Stat. tit. 21, § 701.7(B)).

Petitioner's burden in this habeas corpus action is to demonstrate that the OCCA's resolution of this ground two claim was an unreasonable application of Supreme Court law or was based on an unreasonable determination of the facts. He has not met this burden. The Federal Constitution does not prohibit states from enacting felony murder statutes. See Lockett v. Ohio, 438 U.S. 586, 597 (1978) (rejecting due process challenge because the construction given to an Ohio felony murder statute by Ohio court was consistent with prior Ohio law and with legislative history of a statute). Petitioner was charged and convicted under the felony murder statute enacted by the Oklahoma legislature. The OCCA specifically found that the statute was properly applied to Petitioner's crime. Petitioner is not entitled to habeas corpus relief on his ground two claim.

### 3. Violation of Eighth and Fourteenth Amendment rights (ground 3)

Petitioner's third ground for relief appears to be an expansion of his ground two claim, with the added argument that Oklahoma's felony murder statute is one of strict liability in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The OCCA summarily denied relief by combining its decision on this ground with ground two, and concluding that the fact

that "a police officer killed a codefendant does not relieve Appellant of responsibility for the death." Dickens, 106 P.3d at 601.

Felony murder in Oklahoma is a crime of general intent. Brown v. Sirmons, 515 F.3d 1072, 1088 (10th Cir. 2008) (citing Pickens v. State, 19 P.3d 866, 879 (Okla. Crim. App. 2001)). Proof of the underlying felony is all that is needed to prove the intent necessary for a felony murder conviction. Freeman v. State, 876 P.2d 283, 287 (Okla. Crim. App. 1994). In 2003, the OCCA reiterated its "long-standing interpretation of the felony-murder doctrine" originally stated in Hatch v. State, 662 P.2d 1377 (Okla. Crim. App. 1983), finding:

> The legislature's definition of murder in 701.7(B) is a reflection of the policy that one who, by his willful criminal conduct, sets in motion a chain of events so perilous to the sanctity of human life that death results therefrom; must bear the ultimate responsibility for his actions. We agree with the legislature that murders effected in such a manner are as abhorrent as those, which are premeditated. Proscribing such actions under our first-degree murder statutes performs the rational function of deterring the commission of felonies so inherently dangerous as to create foreseeable risks of death.

Kinchion v. State, 81 P.3d 681, 684 (Okla. Crim. App. 2003) (quoting Hatch, 662 P.2d at 1384).

Petitioner argues that he had no control over the law enforcement officers who shot Turner (Dkt. # 1). He claims the elimination of a *mens rea* requirement violated due process guarantees pursuant to the Eighth and Fourteenth Amendment of the United States Constitution. However, the *mens rea* requirement has not been eliminated. According to Petitioner's own testimony, he actively participated in the armed robbery of the McDonald's restaurant. His criminal conduct set in motion "a chain of events so perilous to the sanctity of human life" that the likelihood of death resulting from the armed robbery was foreseeable. Kinchion, 81 P.3d at 684. Interestingly, Petitioner argues that "accomplices should be presumed to enter a criminal enterprise with their eyes wide open. Charles Turner brought a gun with him to the robbery, understood the danger, decided to take the

9

risk and paid with his life." Dkt. # 1 at 3. Indeed, Petitioner also should have understood the risk when he participated in an armed robbery, then took flight with his armed accomplice. He acknowledged in his trial testimony that he knew Turner had a gun, and he willingly took part in the robbery of the McDonald's restaurant. See Tr. Trans. Vol. II at 428-29. The intent requirement for the underlying felony was proven, and Petitioner has not demonstrated that the OCCA's rejection of this issue was an unreasonable application of Supreme Court law or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Habeas relief shall be denied on ground three.

        **4.**       **Jury instruction errors (grounds 4 and 5)**

In his fourth ground for relief, Petitioner maintains that the trial court erred by giving an improper jury instruction on the law of first degree felony murder. He asserts that Instruction No. 20 did not accurately recite the elements of Okla. Stat. tit. 20, § 701.7(B) because it stated that the death "need only result from an event" which occurred during the robbery. See Dkt. # 1. Trial counsel did not object to the instruction. Reviewing the claim for plain error only, the OCCA found no plain error. Respondent asserts that because the OCCA's rejection of this claim on direct appeal is not contrary to Supreme Court precedent, § 2254(d) prevents the granting of federal habeas relief on this issue. The Court agrees.

The OCCA found that the instruction being challenged by Petitioner "properly followed 21 O.S. 2001, § 701.7(B)." Dickens, 106 P.3d at 600. A state court's interpretation of a state statute "is a matter of state law binding on this court." Parker v. Scott, 394 F.3d 1302, 1319 (10th Cir. 2005) (quoting Chapman v. LeMaster, 302 F.3d 1189, 1196 (10th Cir. 2002)). This Court will not set aside a state conviction on habeas corpus review on the basis of erroneous jury instructions "unless the

errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990). In determining whether a jury instruction has rendered a trial fundamentally unfair, the question is whether the challenged instruction "so infected the trial that the resulting conviction violates due process." Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997). Because the OCCA determined that jury instruction No. 20, outlining the elements of felony murder, complied with state law, we are bound by the OCCA's interpretation of the Oklahoma law. Parker, 394 F.3d at 1319. Petitioner has not met his burden in ground four of demonstrating that his trial was rendered fundamentally unfair.

In his fifth ground for relief, Petitioner complains that the trial judge committed reversible error when he refused defense counsel's requested instructions on causation. The OCCA rejected this claim on direct appeal, finding that "instructions regarding an intervening cause were not warranted by the facts of this case." Dickens, 106 P.3d at 600. As noted above, where a petitioner challenges the trial court's refusal or failure to give a specific instruction, this Court uses a highly deferential standard of review in evaluating the alleged error. "[E]rrors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." Nguyen, 131 F.3d at 1357; see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995). Further, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes v. Thomas, 46 F.3d 797, 984 (10th Cir. 1995) (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

11

The record reflects that defense counsel argued strenuously for added instructions regarding causation. See Tr. Trans. Vol. II at 444-46. The requested instructions were not included in Oklahoma's approved uniform instructions, but were adapted from instructions dealing with the civil defenses of intervening cause and foreseeability. The trial court denied the request for inclusion of these instructions, finding they were not applicable. Id. at 446. After reviewing the proposed jury instructions, the actual jury instructions given to the jury, and evidence presented at trial, this Court concludes that the omission of the requested instructions defining causation did not result in a fundamentally unfair trial. This Court agrees with the OCCA's determination that the instructions were not warranted because the evidence did not reasonably support a modified civil instruction regarding intervening cause. The OCCA's ruling on this issue was not an unreasonable application of Supreme Court law, nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on his ground five claim.

### 5.     Prosecutorial misconduct (ground 6)

In his sixth ground for relief, Petitioner contends that the prosecutor improperly secured assurances from prospective jurors during *voir dire* that they would hold Petitioner responsible for his actions. Petitioner provides the following example[2] of the alleged improper line of questions:

PROSECUTOR:    If the Court instructs you that if a person commits a felony, someone dies during the commission of that felony, that he can be held accountable for that death even though he is not the person that pulled the trigger, so to speak, if that's the instruction, are you going to follow the law?

JUROR WILBERS:    Yes, sir.

---

[2]    Petitioner attached an exhibit summarizing twenty-six instances where the prosecutor asked similar questions of prospective jurors during *voir dire*. See Dkt. # 1, App.

>     PROSECUTOR:     Any difficulty with that concept at all?
>
>     JUROR WILBERS:  No, sir.

Tr. Trans. Vol. I at 146. Petitioner argues, as he did on direct appeal, that the prosecutor was presenting a hypothetical for the purpose of having jurors indicate in advance what their decision would be under certain facts. See Dkt. # 1. The OCCA reviewed this claim for plain error[3] and determined that there was no plain error. Dickens, 106 P.3d at 601. The Court finds Petitioner is not entitled to relief based on the OCCA's adjudication of his challenge to the *voir dire* questioning.

The Sixth Amendment, applicable to the states through the Fourteenth Amendment, and principles of due process guarantee a criminal defendant in state court an "impartial jury." Ristaino v. Ross, 424 U.S. 589, 595 n.6 (1976) (citations omitted). When prosecutorial misconduct deprives a criminal defendant of a fair trial, the defendant's due process rights are violated. Greer v. Miller, 483 U.S. 756, 765 (1987) (citing Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (finding that prosecutorial misconduct may "so infect the trial with unfairness as to make the resulting conviction a denial of due process")). However, in reviewing improper comments, the Court cannot review them "in a vacuum." United States v. Manriquez Arbrizo, 833 F.2d 244, 247 (10th Cir. 1987). The Constitution does not guarantee a perfect trial. As stated by the Supreme Court:

> [G]iven the myriad safeguards provided to assure a fair trial, and taking into account the reality of the human fallibility of the participants, there can be no such thing as an error-free, perfect trial, and . . . the Constitution does not guarantee such a trial.
> . . . [I]t is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations.

---

[3] The OCCA noted that counsel failed to make a contemporaneous objection to many of the questions during *voir dire*. Where objections were made and sustained by the trial court, no admonishment was requested. Thus, the OCCA reviewed this claim for plain error only. Dickens, 106 P.3d at 601.

United States v. Hasting, 461 U.S. 499, 508-09 (1983) (internal citations omitted); Manriquez Arbizo, 833 F.2d at 247-48. Although the prosecutor's hypothetical questions arguably did not have a proper purpose, the Court finds they did not infect Petitioner's trial with unfairness as to make the resulting conviction a denial of Petitioner's right to a fair trial. Most of the evidence presented at trial, including Petitioner's own testimony, was uncontroverted. The alleged improper questions repeatedly posed by the prosecutor during *voir dire* did not warrant a mistrial. The OCCA's rejection of Petitioner's prosecutorial misconduct claim was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented. Therefore, Petitioner is not entitled to relief on ground six.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment shall be entered in this matter.

**DATED** this 27th day of March, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT